USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/2/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO ACEVEDO,

                  Plaintiff,

-v-

BRIAN FISCHER, *et al.*,

                  Defendants.

No. 12-CV-6866 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Proceeding *pro se*, Plaintiff Francisco Acevedo originally brought this action against twenty-three Defendants alleging constitutional violations for events that occurred while he was incarcerated at Green Haven, Great Meadow, and Sullivan Correctional Facilities. On September 29, 2014, the Court dismissed all of Plaintiff's claims except his First Amendment claim against Defendants Detective John Geiss, Superintendent William Lee, Investigator Anselmo Serrano, and Officer Eric Warrington. Sept. 29, 2014 Op. 9. These Defendants now move for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. The Court referred Defendants' motions to Magistrate Judge Peck, and now before the Court is Judge Peck's thorough and well-reasoned Report and Recommendation (the "Report"), which recommends that all Plaintiff's First Amendment claims be dismissed, with the exception of the claim that Detective Geiss interfered with Plaintiff's legal mail. Detective Geiss objects to the Report, arguing that Judge Peck erred on the legal mail claim, but neither Acevedo nor any other party filed objections.[1] For the reasons that follow, the Court adopts Judge Peck's Report in its entirety.

---

[1] As Judge Peck warned in his Report, failure to object waives any objections and precludes appellate review. R. & R. 24 (citing *Thomas v. Arn*, 474 U.S. 140 (1985)).

1

## STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no timely objection is made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). In undertaking such a review, the Court "read[s] the pleadings of a *pro se* plaintiff liberally and interpret[s] them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## DISCUSSION[2]

Detective Geiss objects to the Report on two grounds. First, he argues that he is entitled to summary judgment on Plaintiff's claim that he interfered with Plaintiff's legal mail because he was not personally involved in the alleged violation. Specifically, Geiss argues that his own involvement was limited to making a "lawful mail watch request of plaintiff's mail," which "made clear that he did not seek to review any legal mail of plaintiff" but only requested that Plaintiff's legal mail be reviewed "to ensure the contents were in fact legal mail." Geiss Obj. 4. Second, Geiss argues that, because the Second Circuit has held that an isolated incident of mail tampering is insufficient to establish a constitutional violation, he is entitled to summary judgment because only one of the letters he reviewed constituted legal mail. *Id.* 5. Neither of Geiss's objections has merit.

---

[2] The Court assumes familiarity with the facts and procedural history, as set forth in Judge Peck's Report.

As to the first objection, Geiss contends that he was not personally involved in the monitoring of Plaintiff's legal mail because he made clear that he did not seek to personally review any legal mail accurately labeled as such, requesting only that "if said mail is determined not be legal mail a copy of said mail be made and forwarded to the assigned." Dkt. 185-1 at Ex. C: Dec. 21, 2009 Letter from Geiss to Serrano. Defendant's objection, however, is premised on the false assumption that to be personally involved in the alleged violation Geiss had to personally review Plaintiff's legal mail. Indeed, Geiss's own admissions evidence his personal involvement. Geiss affirmed that, in November 2009, he requested that the New York Department of Corrections and Community Supervision (the "DOCCS") monitor Acevedo's mail and that he memorialized this request in a letter dated December 21, 2009, which specifically requested "that any mail marked legal mail also be reviewed." Dkt. 183 at 2: Geiss Aff. ¶¶ 5–6; Dkt. 185-1 at Ex. C: Dec. 21, 2009 Letter from Geiss to Serrano. In any event, Geiss's February 21, 2010 case notes indicate that he reviewed twenty-five pieces of Acevedo's incoming and outgoing mail, including four pieces of legal mail: (1) a September 23, 2009 letter from Robert D. Lenski, administrator of the Erie County Bar Association Assigned Counsel Program, regarding providing representation; (2) a November 12, 2009 letter from the New York State Division of Criminal Justice Services regarding expungement of DNA; (3) a November 13, 2009 letter from Krin Flaherty at Prisoners' Legal Services of New York regarding expungement of DNA; and (4) a February 4, 2010 letter from Acevedo to his trial counsel, Janet A. Gandolfo. Dkt. 185-1 at Ex. D: Geiss' Feb. 21, 2010 Case Notes; Dkt. 199-3 at 17: Acevedo Ex. C at 1–2; Dkt. 199-7 at 3: Acevedo Ex. L at 142. There is thus sufficient evidence that Geiss was personally involved in the monitoring of Acevedo's legal correspondence.

Geiss's second objection is equally unavailing. He urges that his personal review of only one piece of legal mail (he denies that the other three letters constitute legal mail) is insufficient to establish a constitutional violation. As noted above, however, Geiss requested that DOCCS institute an ongoing watch of all of Plaintiff's incoming and outgoing legal mail, which lasted from in or about November 2009 to at least February 2010. This case is therefore distinguishable from those in which a plaintiff alleges "an isolated incident of mail tampering," which the Second Circuit has held is "usually insufficient to establish a constitutional violation." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal citations omitted). The Court agrees with Judge Peck's finding that there is a genuine issue of material fact as to whether there was a reasonable basis for the legal mail watch prior to December 8, 2009—the date Geiss first learned that Acevedo had instructed his common law wife to mark her personal letters as legal mail, Dkt. 185-1 at Ex. C— in light of Geiss's representation that he requested the watch in November 2009 and the evidence that he reviewed legal mail dated as early as September 23, 2009. Unlike in *Davis*, here, there is a triable issue of fact as to whether Geiss requested a mail watch that "regularly and unjustifiably interfered with incoming legal mail." *Id.*[3] The Court therefore adopts the Report's recommendation that summary judgment be denied as to Plaintiff's claim that Geiss interfered with his legal mail.[4]

---

[3] As noted above, Geiss contends that he reviewed only one piece of mail that constituted legal mail because only attorney-client communications and actual litigation documents are legal mail for the purposes of the First Amendment. Geiss Obj. 5 (citing *Standley v. Lyder*, 99-CV-4711 (GEL), 2001 WL 225025, at *2 n.1 (S.D.N.Y. March 6, 2001)). The Court need not reach the question of what constitutes legal mail for First Amendment purposes as there is sufficient evidence that Geiss requested that DOCCS institute a regular practice of monitoring Acevedo's legal mail.

[4] As Judge Peck noted, unlike his co-Defendants, Detective Geiss did not argue he was entitled to summary judgment on the grounds of qualified immunity.

## CONCLUSION

The Court has reviewed the remainder of the Report and finds no clear error. For the reasons stated above, it is hereby:

ORDERED that the Court adopts Judge Peck's Report in its entirety. The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 170, 173, and 180.

IT IS FURTHER ORDERED that a telephone conference is hereby scheduled for March 25, 2016 at 3 p.m. The Court will issue a separate order to arrange Plaintiff's participation in the conference.

SO ORDERED.

Dated:   March 2, 2016
         New York, New York

_____
Ronnie Abrams
United States District Judge